### DUDLEY et al. v. SANDERS MFG. CO.

#### (Circuit Court, S. D. New York. May 3, 1902.)

ATTORNEY AND CLIENT—ACTION FOR SERVICES.
> In an action by an attorney to recover for services rendered under an express contract, where the evidence showed that defendant employed an attorney to perform services, and he deputed his partner to take the matter up, and he employed another attorney, and promised to pay him as remuneration one-half of the compensation he should receive, but there was no agreement shown between defendant and any of the parties to pay a specified compensation, the cause of action was not established.

James L. Bennett, for plaintiff.
Nichols & Bacon, for defendants.

WALLACE, Circuit Judge. In May, 1898, the defendant, being desirous of securing contracts or orders from the government of the United States for supplies required by the war department, employed Mr. Wilson, a son-in-law of its president, to assist in procuring them. Mr. Wilson was the law partner of Mr. Chadsey, and deputed him to take the matter up. Mr. Chadsey employed Mr. Mich-

ener, an attorney at law at Washington, and one of the law firm of Dudley & Michener, the plaintiffs, and promised to pay him as remuneration for his services one-half of any compensation he should himself receive from the defendant. Michener interested himself in behalf of the defendant, and interviewed the officers of the war department, and partly through his assistance the defendant was enabled to obtain contracts and orders for supplies during the summer and fall of 1898 aggregating in amount about $97,000. There was no agreement between Chadsey and the defendant, or between Michener and the defendant, whereby the defendant was to pay a commission of 10 per cent. upon the amount of supplies furnished to the government, or for the payment of any specified commission or compensation. Chadsey may have expected to receive a 10 per cent. commission from the defendant, or an equivalent compensation, and may have so represented to Michener; but the evidence does not authorize the finding that he ever promised Michener that the latter's compensation should be one-half of a 10 per cent. commission, or any other specified amount. The defendant understood that Chadsey had employed Michener, and that Michener was acting in its behalf from time to time, pursuant to instructions from Chadsey; and also understood that Chadsey was to compensate Michener out of any fee or remuneration he should himself receive for the services rendered.

As the complaint proceeds upon the theory of an express contract by which the defendant undertook to pay to the plaintiffs one-half of a commission of 10 per cent., and not upon a quantum meruit, the cause of action is not established, and there must be a judgment for the defendant.

It is accordingly so ordered.